UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILLIP J. MONTOYA, *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> FINANCIAL FEDERAL CREDIT, INC., § <br> § <br> *Defendant*. § | CIVIL ACTION H-12-1645 |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant People's United Equipment Finance Corp. f/k/a/ Financial Federal Credit Inc.'s ("PUEFC") motion to dismiss plaintiffs Phillip J. Montoya, Chapter Seven Trustee of the bankruptcy estate of William L. Doak and Vicky L. Doak ("Trustee"), William L. Doak, individually ("William"), Vicky L. Doak, individually ("Vicky," and together with William, the "Doaks"), and Doak Transport, Inc.'s ("DTI") first amended complaint. Dkt. 38. Upon consideration of the motion, response, reply, and the applicable law, PUEFC's motion to dismiss the first amended complaint is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Since 1988, William owned and operated DTI, a company in the business of transporting general freight in interstate commerce.[1] Dkt. 32 at 2. The Doaks are and have always been the sole shareholders of DTI. *Id.* Beginning in 1998, William began financing DTI's trucks through PUEFC. *Id.* William's personal banker at PUEFC was Richard Wong ("Wong"). *Id.* William negotiated all financing and other agreements related to DTI's trucks through Wong. *Id.*

---

[1] The court accepts a plaintiff's factual allegations as true when considering a motion to dismiss under FED. R. CIV. P. 12(b)(6). *Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 113 S. Ct. 2606 (1993); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995).

William executed and delivered at least fifty-eight promissory notes during this borrowing relationship with PUEFC to evidence their loans and security agreements. Dkt. 38 at 2. On or about February 28, 2007, William requested, and was granted, an extension of time to make his outstanding note payments, totaling $90,718, from January and February. *Id.* at 3.

A year later, on or about February 1, 2008, William contacted Wong to request an additional extension for his outstanding promissory notes. Dkt. 32 at 3. Wong notified William that he would need to obtain approval from PUEFC's corporate office. *Id.* After obtaining approval, Wong advised William to consolidate all of his promissory notes, security agreements, and their respective extension agreements into five promissory notes. *Id.* Wong explained to William the consolidation was for administrative and practical purposes so that the bank could better organize and keep track of his outstanding notes. *Id.* Wong further explained that the consolidation would not change the fundamental terms of the previous promissory notes or security agreements. *Id.* at 3-4.

On or about February 22, 2008, while William was hospitalized for knee replacement surgery, Wong visited William to have him sign and execute the five new promissory notes. *Id.* at 4. Wong again assured William that signing the new promissory notes would not change the terms of any previous promissory note or security agreement. *Id.* William signed and executed the new notes, relying on Wong's statements and representations. *Id.* at 4-5.

After his recovery and discharge from the hospital, William continued to make his usual monthly payments on the new promissory notes. *Id.* at 5. William was under the impression the new terms were identical to the original terms, while in reality, unbeknownst to William, he began accumulating interest. *Id.* His interest rate also had been increased and the financing period was shortened under the new notes. *Id.*

2

William became aware of the increased interest rate in November 2008. *Id.* at 6. But, by that time, the interest expense had become unmanageable, causing PUEFC's repossession of DTI's fleet as well as the filing of William's bankruptcy petition in June 2010. *Id.*

On February 21, 2012, the plaintiffs filed their original complaint in the Second Judicial District of Bernalillo County, New Mexico. Dkt. 20 at 5. The case was removed to the United States District Court for the District of New Mexico and then transferred to this court on May 30, 2012. *Id.* at 5-6. Plaintiff filed a first amended complaint on July 11, 2012, and PUEFC moved to dismiss. Dkts. 32, 38. Plaintiffs responded, and PUEFC filed a reply. Dkts. 49, 50. The motion is now ripe for decision.

## II. ANALYSIS

PUEFC moves to dismiss on two grounds: (1) the Doaks and DTI's claims should be dismissed for lack of jurisdiction because the Doaks and DTI lack standing to prosecute the amended complaint; and (2) the amended complaint should be dismissed for failure to state a claim because plaintiffs did not plead legally cognizable claims in compliance with Rule 9(b). Dkt. 38.

### A.   Standing to Prosecute the Amended Complaint

Standing requires that "[f]irst, the plaintiff must have suffered an 'injury in fact'. . . [s]econd, there must be a causal connection between the injury and the conduct complained of . . .[and] [t]hird, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, No. 11-10959, 2012 WL 5259015, at *3 (5th Cir. Oct. 25, 2012).

PUEFC argues that the Doaks and DTI lack standing to prosecute the amended complaint because the "trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed." Dkt. 38 at 6 (citing 11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001)). The court agrees that the trustee is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed. *Wieburg*, 272 F.3d at 306 (holding that when a debtor files for bankruptcy after the events giving rise to claims had occurred, the claims become property of the bankruptcy estate and the trustee is the real party in interest).

The plaintiffs, however, argue that standing is proper for the Doaks because the trustee, Philip J. Montoya, has decided to abandon the bankruptcy estate's claim.² Dkt. 49 at 2. Plaintiffs cite an email exchange between the trustee and the Doaks' counsel as evidence the trustee would abandon the bankruptcy estate's claim. Dkt. 49, Ex. 1. However, under Bankruptcy Rule 9019, a compromise or settlement of claims cannot be made solely between the debtors and trustee. Rather, the bankruptcy court must approve a compromise or settlement, and only after a "motion by the trustee and . . . notice and a hearing." FED. R. BANKR. P. 9019. The plaintiffs concede that neither a motion nor a hearing have occurred, but argue "it is expected that it will be completed and upon official abandonment of the claim, [the claim] will then again become property of [the] Doak[s]." Dkt. 49 at 2. Unfortunately, approval of the court is required and mere expectation of abandonment is not sufficient to create standing. *Hamilton-Brown Shoe Co. v. Ben L. Berwald Shoe Co.*, 10 F.2d 275, 276 (5th Cir. 1925) (discussing that a trustee may "*with approval of the court*, compromise any

---

² Although the plaintiffs argue standing is proper for the Doaks, they concede that DTI lacks standing to prosecute the amended complaint. Dkt. 49 at 2.

4

controversy concerning the bankruptcy estate . . .") (emphasis added). Therefore, the claims still reside with the trustee, Phillip J. Montoya, and the Doaks lack standing to prosecute the amended complaint.

**B.    The Pleading Requirements of the Federal Rules**

In addition to moving to dismiss the claim filed by the Doaks and DTI, PUEFC moves to dismiss the claims under Federal Rule of Civil Procedure 9(b). Dkt. 38. Rule 9(b) requires a party that is alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake" in its pleading. FED. R. CIV. P. 9(b). "Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a 'short and plain statement of the claim.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Rule 9(b) "requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud,' which after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id.* at 186. To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997).

PUEFC argues that plaintiffs' allegations that PUEFC and Wong misrepresented the promissory notes to William were insufficiently pled under Rule 9(b). Dkt. 38 at 10. PUEFC further contends the plaintiffs "do not allege any explanation to support their assertion that the alleged statements were fraudulent." Dkt. 38 at 10. The court disagrees.

The plaintiffs allege Wong was present in the hospital on or about February 22, 2008 and while there "represented to and assured [William] that the execution of the Consolidated Promissory Note Agreements would not change the terms of the Contracts or the Extension Agreements." Dkt.

5

32 at 4. The court finds these facts are sufficiently pled, as the complaint properly states the who, what, when, where, and why of the alleged fraud.[3] Plaintiffs clearly state Wong (who) reassured William that the terms of the new notes would not change (what) in the hospital (where) on or about February 22, 2008 (when), although the terms allegedly did change (why). Dkt. 32 at 3-5. Therefore, the fraud claim meets the heightened pleading requirements of Rule 9(b).

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the Doaks and DTI's lack of standing to prosecute the amended complaint. Their claims are DISMISSED WITHOUT PREJUDICE. The motion is DENIED as to PUEFC's contention that the fraud claim is not pled with particularity.

It is so ORDERED.

Signed at Houston, Texas on November 26, 2012.

_____
Gray H. Miller
United States District Judge

---

[3] PUEFC also mentions the pleading standard under Rule 8(a)(2). However, the defendant only argues that the fraud claim should be dismissed under Rule 9(b). The court therefore does not consider whether the other claims, which PUEFC does not specifically seek to dismiss, meet the relevant pleading standard.